# IN THE FEDERAL COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**R.H. and K.H., individually**

**And as parents and guardian of minor child K.R.,**

    **Plaintiffs,**

**And**

**M.R. and B.R, individually,**

**And as the parents and guardians of minor child C.R.,**

    **Plaintiffs**

**v.**

**Civil Action No.:** 5:25-cv-00190

**Judge:**

**SHREEJI HOSPTAILITY OF LEXINGTON, LLC,**

    **Defendant,**

**And**

**WYNDHAM HOTELS AND RESORTS, INC.**

    **Defendant**

## COMPLAINT

**NOW COMES**, the Plaintiffs, M. R. and B. R., and R.H. and K.H., by and through undersigned counsel, Teresa C. Toriseva, Esq. and Joshua D. Miller, Esq., and the office of Toriseva Law John D. (Jody) Wooton, Jr. and R. Brandon Johnson and the law office of Wooton, Davis, Hussell & Johnson, PLLC, and for their Complaint against the Defendants Shreeji Hospitality of Lexington, LLC and Wyndham Hotels and Resorts, Inc. does so state and aver:

## PARTIES

1. Plaintiff M. R. is an adult individual resident of Greenbrier County, West Virginia.

2. Plaintiff B. R. is an adult individual resident of Greenbrier County, West Virginia.

1

3. Plaintiff R.H. is an adult individual resident of Greenbrier County, West Virginia.

4. Plaintiff K.H. is an adult individual resident of Greenbrier County, West Virginia.

5. The Defendant Shreeji Hospitality of Lexington, LLC is a domestic for-profit limited liability corporation licensed to do business, in West Virginia with a principal office address of 2130 Harper Road, Beckley, West Virginia. Upon Information and belief, the Defendant Shreeji is the franchisee of the Defendant Wyndham Hotels and Resorts, Inc.

6. The Defendant's Shreeji principal place of business is located at 2130 Harper Road, Beckley, West Virginia, 25801.

7. The Defendant Wyndham Hotels and Resorts, Inc. is a foreign corporation with a principal office address of 22 Sylvan Way, Parsippany New Jersey and a local office address of 126 East Burke Street, Martinsburg, West Virginia. Upon Information and belief, the Defendant Wyndham Hotels and Resorts, Inc. is the franchisor of the Defendant Shreeji Hospitality of Lexington for the operation of the Beckley Microtel Inn by Wyndham where the evenst that give rise to this complaint occurred.

## JURISDICTION AND VENUE

8. The minimal jurisdictional amount for this filing is satisfied.

9. Venue is proper in this Court pursuant to W.Va. Code §56-1-1 *et seq.* in that all material acts described herein arose in Greenbrier County, West Virginia.

10. Additionally, venue is proper in the Court pursuant to W. Va. Code § 29-12A-13(a).

## FACTUAL BACKGROUND

11. Plaintiffs, K. H. and R. H., are the Grandparents and Guardians of K.R.

12. K. R. is a minor child.

13. Plaintiffs M. R. and B. R. are the parents and guardians of C.R.

14. C.R. is a minor child.

15. At all times material herein, C.R. attended Greenbrier West High School, a high school in Greenbrier County, West Virginia.

16. At all times material herein, K.R. attended Greenbrier West High School, a high school in Greenbrier County, West Virginia.

17. At all times material herein, C.R. was a member of the Greenbrier West High School wrestling team.

18. At all times material herein, K.R. was a member of the Greenbrier West High School wrestling team.

19. On or about Friday, February 9, 2024, the Greenbrier West High School wrestling team left for a wrestling match in Beckley, West Virginia. This was an overnight trip. The match was to take place the next day, Saturday, February 10, 2024.

20. Plaintiff K.R. was on the trip as a rostered athlete expecting to compete in the match.

21. Plaintiff K.R. was transported to the match/hotel by the head wrestling coach Jeremy Tincher in van with approximately five (5) other student athletes.

22. Plaintiff C.R. was on the trip as a rostered athlete expecting to compete in the match.

23. Plaintiff C.R. was transported to the match/hotel by the head wrestling coach Jeremy Tincher in van with approximately five (5) other student athletes.

24. The van carrying the coach and the student athletes arrived at the Microtel in Beckley, West Virginia at approximately 7:00PM that night.

25. Upon information and belief, there were approximately twenty-three (23) Greenbrier West wrestlers on the trip and staying at the hotel.

26. Upon information and belief, there were at least three (3) wrestlers assigned to each hotel room.

27. Upon information and belief, there were only two (2) adults present supervising the twenty-three (23) Greenbrier West wrestlers.

28. Upon information and belief, Coach Tincher checked on the wrestlers at about 7:30pm that night and did not check on them again until the following morning when they had to wake up to prepare for the match.

29. It is unknown where Coach Tincher went or what he was doing rather that supervising his wrestling team members.

30. Upon information and belief, this lack of supervision happened similarly on multiple wrestling trips.

31. Upon information and belief, the minor children on the wrestling were unsupervised from 7:30 Pm until the next morning.

32. Upon information and belief, there was no supervision or direction as to who would sleep where and the wrestlers were left to make their own decision regarding who would sleep where and with whom they would share a bed.

33. There were only two (2) beds per room.

34. There were three student-wrestlers assigned to K.R.'s room, K.R., B.B., and M.S.

35. K.R. is considerably smaller than the other two wrestlers in the room.

36. K.R. wrestled in the 113lb pound class while the other two wrestlers were in the 170-180lb weight class.

37. Sometime after 10:00 o'clock P.M., the other two wrestlers sexually assaulted K.R. by holding him down, forcibly removing his clothes and anally penetrating him with a pen.

38. When the rape ended, K.R. went into the bathroom in the room and locked the door.

39. While K.R. was in the bathroom, a fourth wrestler came into the room, C.R.

40. The same two wrestlers that raped K.R. raped C.R.

41. Though paralyzed by what had just happened to him, K.R. could hear that a second rape was taking place.

42. Due to the lack of adequate chaperones or supervision, K.R. was forced to stay in the room all night with his rapists and actually had to share a bed with one of them.

43. Thankfully, this meet was the last meet of the season.

44. In addition to the facts alleged above, the Defendant Greenbrier County Board of Education violated its own policies and procedures including but not necessarily limited to the following ways:

    a. No completed and signed "Trip Checklist"
    b. No completed and signed "Responsibility Contract for Overnight Trips" for the minor children that attended the trip, including those who committed the sexual assaults against C.R. and K. R.
    c. No completed and signed "Responsibilities of Trip Chaperones" form
    d. No designated "Trip Leader"
    e. No school transportation department forms will filled out or signed
    f. No "Proposal for Overnight/Extended Student Trip" form, a five-page form, was completed or signed.

45. Upon information and belief, the hotel where the wrestling team stayed for the tournament and where the sexual assaults occurred is named "Microtel Inn by Wyndham".

46. Upon information and belief, the Microtel where the wrestling team stayed for the tournament and where the sexual assaults occurred is owned locally by the Defendant Shreeji Hospitality of Lexington, LLC.

47. Upon information and belief, the Defendant Shreeji Hospitality of Lexington, LLC. is a franchisee of the Defendant Wyndham Hotels and Resorts, Inc.

48. Upon information and belief, the Defendant Wyndham Hotels and Resorts, Inc. is the franchisor of the Defendant Shreeji Hospitality of Lexington, LLC.

49. Upon information and belief, the Defendant Wyndham Hotels and Resorts, Inc. as the franchisor has control over the Defendant Shreeji as the franchisee.

50. Upon information and belief, the Microtel Inn by Wyndham checked in the wrestling team for a one-night stay when it knew or should have known there was not enough adult supervision for the number of minors staying at the hotel.

## COUNT 1: DEFENDANT SHREEJI: NEGLIGENCE

51. Plaintiffs incorporate by reference in this count all other material allegations set forth elsewhere in this complaint.

52. Defendant Shreeji knew or should have known that dangers can come from unsupervised minors staying in a hotel in groups of non-familial related individuals.

53. Defendant Shreeji knew or should have known that one of those dangers can be sexual assault.

54. Defendant Shreeji had a duty to protect the Plaintiffs from harm, including sexual assault.

55. Defendant knew or should have known the number of children that were staying at the Microtel Inn by Wyndham in Beckley that night and the corresponding number of adult supervisors staying with the children.

56. Defendant Shreeji had a duty to not allow unsupervised minors to stay in its hotel rooms in non-familial related groups.

57. Defendant Shreeji knew or should have known the number of adult supervisors in relation to the number of minor children could result in harm to the minor children that were staying at the Microtel.

58. Defendant Shreeji did nothing to ensure the safety of the Plaintiffs even though it knew or should have known there was not enough adult supervision for the minor children.

59. Defendant Shreeji breached its duty to the Plaintiffs and as a result, the Plaintiffs C.R. and K.R. were harmed.

60. As a direct and proximate result of the Defendant's negligence, the Plaintiffs suffered personal injuries and damages, including but not limited to suffering and mental anguish, past and future lost enjoyment of life, future medical bills, past and future humiliation, embarrassment, indignity, and shame, economic damages, diminished earning capacity, and future lost wages.

## COUNT 2: DEFENDANT SHREEJI: NEGLIGENT TRAINING

61. Plaintiffs incorporate by reference in this count all other material allegations set forth elsewhere in this complaint.

62. Upon information and belief, on the night the Greenbrier West wrestling team checked in to stay at the Microtel Inn by Wyndham in Beckley, Defendant Shreeji did not train its front

desk staff to evaluate the number of minor children and the number of adult supervisors to ensure the minor children would be safe at the hotel during the night.

63. Upon information and belief, Defendant Shreeji did not have any trained security personnel on-site to protect the unsupervised minor children from harm while those minor children were staying at the Microtel.

64. As a direct and proximate result of the Defendant's negligence, the Plaintiffs suffered personal injuries and damages, including but not limited to suffering and mental anguish, past and future lost enjoyment of life, past and future humiliation, embarrassment, indignity, and shame, economic damages, diminished earning capacity, and future lost wages.

## COUNT 3: DEFENDANT SHREEJI: NEGLIGENCE PER SE

65. Plaintiffs incorporate by reference in this count all other material allegations set forth elsewhere in this complaint.

66. A defendant who violates a statute or regulation without an excuse is automatically considered to have breached the duty of care and is therefore negligent as a matter of law.

67. W. Va. Code § 16-6-22 states "[i]t shall be the duty of the keepers of hotels and restaurants to exercise due care and diligence in providing honest servants and employees, and to take every reasonable precaution to protect the persons and property of their guests and boarders…"

68. Upon information and belief, Defendant Shreeji violated this statute.

69. The Defendant Shreeji is, therefore, negligent *per se.*

70. Consequently, the Plaintiffs make a claim for all damages recoverable under West Virginia Law.

71. As a direct and proximate result of the Defendant's negligence *pers se*, the Plaintiffs suffered personal injuries and damages, including but not limited to suffering and mental anguish, past and future lost enjoyment of life, past and future humiliation, embarrassment, indignity, and shame, economic damages, diminished earning capacity, and future lost wages.

### COUNT 4: DEFENDANT SHREEJI: VIOLATION OF 42 U.S.C.A. § 1983

72. Plaintiffs incorporate by reference in this count all other material allegations set forth elsewhere in this complaint

73. 42 U.S.C.A. § 1983 states "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress"

74. Defendant Shreeji violated the rights, privileges and immunities for of Plaintiff C.R. and K.R. when it failed to protect them, failed to supervise the minors it knew they could and may be unruly, resulting in the sexual assaults against the Plaintiff C.R. and K.R.

75. As a direct and proximate result of the Defendant's violation of 42 U.S.C.A. § 1983 the Plaintiffs suffered personal injuries and damages, including but not limited to suffering and mental anguish, past and future lost enjoyment of life, past and future humiliation, embarrassment, indignity, and shame, economic damages, diminished earning capacity, and future lost wages.

## COUNT 5: DEFENDANT WYNDHAM: LIABILITY OF THE PRINCIPAL/FRANCHISOR

76. Plaintiffs incorporate by reference in this count all other material allegations set forth elsewhere in this complaint.

77. Upon information and belief, Defendant Wyndham has acknowledged that Defendant Shreeji will act on its behalf.

78. Upon information and belief, Defendant Shreeji has accepted that it would be acting on Defendant Wyndham's behalf.

79. Upon information and belief, Defendant Wyndham has control over the actions of Defendant Shreeji.

80. As a result, Defendant Wyndham is responsible for the acts of Defendant Shreeji as its franchisee.

81. As a direct and proximate result of the Defendants' principal/agency relationship and/or the franchisor/franchisee relationship, the Plaintiffs suffered personal injuries and damages, including but not limited to suffering and mental anguish, past and future lost enjoyment of life, past and future humiliation, embarrassment, indignity, and shame, economic damages, diminished earning capacity, and future lost wages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, M.R and B.R, for C.R. and R.H. and K.H., for K.R. respectfully request a judgment in their favor and against the Defendants and prays for all available relief, compensatory damages, statutory interest, liquidated damages in an amount to be determined by the finder of fact at trial, plus costs and fees, including attorneys' fees, and any other relief this Court deems just and proper.

## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY JURY.

                                                          */s/ Teresa C. Toriseva*
Teresa C. Toriseva, Esq. WV Bar #6947
Joshua D. Miller, Esq., WV Bar #12439
TORISEVA LAW
1314 Chapline Street
Wheeling, WV 26003
Telephone: 304.238.0066
Facsimile: 304.238.0149
justice@torisevalaw.com


                                                          */s/ John D. Wooton, Jr.*
John D. (Jody) Wooton, Jr., Esq. WV Bar #10571
R. Brandon Johnson, Esq. WV Bar #5581
Wooton, Davis, Hussell & Johnson, PLLC
914 Jefferson St. N
Lewisburg, WV 24901
Telephone: 304.645.5700
Facsimile: 304.645.5702
jody.wooton@wdhjlaw.com
brandon.johnson@wdhjlaw.com