UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

R.H. and K.H.,
*individually and as the parents
and guardians of minor child* K.R. and
M.R. and B.R.,
*individually and as the parents
and guardians of minor child* C.R.,

      Plaintiffs,

v.                                      CIVIL ACTION NO. 5:25-cv-00190

SHREEJI HOSPITALITY OF LEXINGTON, LLC and
WYNDHAM HOTELS AND RESORTS, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Shreeji Hospitality of Lexington, LLC's ("Shreeji") Motion to Dismiss [ECF 7], filed June 18, 2025. Plaintiffs responded [ECF 9] on July 2, 2025, to which Shreeji replied [ECF 10] on July 9, 2025. The matter is ready for adjudication.

## I.

Plaintiffs C.R. and K.R. were members of the Greenbrier West High School wrestling team. [ECF 1 ¶¶ 15–18]. On February 9, 2024, the 23-member wrestling team traveled to Beckley for a February 10, 2024, match. [*Id.* ¶¶ 19, 25]. The head coach transported C.R. and K.R. to the Microtel Inn by Wyndham. [*Id.* ¶¶ 21, 23]. Once they arrived, the team members were assigned at least three people to a room. [*Id.* ¶ 26]. They were left unsupervised after 7:30 p.m. until the next morning. [*Id.* ¶¶ 28, 31].

K.R. was assigned to a room with two other team members who were considerably larger than him. [*Id.* ¶¶ 34–36]. At some point in the evening, K.R.'s roommates sexually assaulted K.R. by "holding him down, forcibly removing his clothes[,] and anally penetrating him with a pen." [*Id.* ¶ 37]. Thereafter, C.R. entered the room and endured the same sexual assault as K.R. [*Id.* ¶¶ 39–40].

On March 24, 2025, Plaintiffs R.H. and K.H., individually and as the parents and guardians of minor child K.R., and Plaintiffs M.R. and B.R., individually and as the parents and guardians of minor child C.R., instituted this action against Defendants Shreeji and Wyndham Hotels and Resorts, Inc. ("Wyndham"). [ECF 1]. As to Shreeji, they allege: (1) Negligence (Count I), (2) Negligent Training (Count II), (3) Negligence Per Se (Count III), and (4) Violation of 42 U.S.C. § 1983 (Count IV). [*Id.* at 6–9]. They allege Liability of the Principal/Franchisor (Count V) against Wyndham. [*Id.* at 10].

On June 18, 2025, Shreeji filed the Motion to Dismiss pursuant to *Federal Rules of Civil Procedure* 12(b)(1) and 12(b)(6). [ECF 7]. It contends Plaintiffs fail to establish the state action requirement under § 1983 -- the only basis for federal question subject matter jurisdiction. [ECF 8 at 7].

## II.

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "fair notice of what the . . .

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

The decision in *Iqbal* provides some additional markers concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility

3

> of 'entitlement to relief. . . .'"
>
> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678–79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555–56); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

*Federal Rule of Civil Procedure* 12(b)(1) correspondingly permits a defendant to challenge a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) challenges subject matter jurisdiction. This includes Article III standing challenges. *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017). "A defendant may challenge [standing at the motion-to-dismiss stage] in one of two ways: facially or factually." *Id.* (quoting *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017)). A facial challenge such as this one asserts "the complaint 'fails to allege facts upon which [standing] can

4

be based . . . ." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). And the plaintiff is, consequently, "'afforded the same procedural protection' that exists on a motion to dismiss." *Id.* (quoting *Adams*, 697 F.2d at 1219). Stated another way, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

## III.

Count IV alleges Shreeji "violated the rights, privileges[,] and immunities . . . of Plaintiff C.R. and K.R. when it failed to protect them . . . [and] failed to supervise the minors it knew . . . could and may be unruly, resulting in the sexual assaults against the Plaintiff[s] C.R. and K.R." [ECF 1 ¶ 74]. Shreeji contends dismissal is proper inasmuch as it is a private entity and thus not subject to liability under 42 U.S.C. § 1983. [ECF 8 at 6]. Thus, Shreeji argues, dismissal is required inasmuch as the Court lacks subject matter jurisdiction.

Title 42 U.S.C. § 1983 governs actions against state officers arising out of their deprivations of constitutional rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.

A private entity does not constitute a "person" for purposes of § 1983 unless there is a "close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (cleaned up); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526

U.S. 40, 50 (1999); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). The analysis is fact intensive as to the "specific conduct of which the plaintiff complains." *Sullivan*, 526 U.S. at 51 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). It is true our Court of Appeals has identified four circumstances in which private conduct constitutes state action, including when the state delegates a public function traditionally performed by the state to a private actor. *Mentavlos*, 249 F.3d at 313; *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 342 (4th Cir. 2000). It has further recognized, however, that "there is no specific formula for determining whether state action is present . . . . What is fairly attributable [to the state] is a matter of normative judgment, and the criteria lack rigid simplicity." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 182 (4th Cir. 2009) (cleaned up).

Plaintiffs contend Shreeji is a state actor inasmuch as it "operat[es] a hotel in West Virginia under the laws and rules of the State of West Virginia." [ECF 9 at 5]. They contend persons are guaranteed "safety, happiness, and liberty," and that the state has "entrusted and delegated the safety of West Virginians who need overnight accommodations to private hotels" as evidenced by the regulations set forth in the *West Virginia Code*. [*Id.* at 4–5].

However, "[t]he fact that a private entity performs a function which serves the public does not make its acts governmental action." *American Mfrs.*, 526 U.S. at 56 (quoting *San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 544 (1987)). Mere regulation over a private entity, without more, does not constitute state action. *Id.* at 52; *Jackson v. Metropo. Edison Co.*, 419 U.S. 345, 350 (1974). Plaintiffs make no further connection between Shreeji and the state other than the licensing and regulation mandates. Accordingly, Shreeji is not a "person" for purposes of § 1983, and its alleged actions cannot be fairly attributed to the state.

## III.

Based upon the foregoing discussion, the Court **GRANTS** the Motion to Dismiss and Count IV is **DISMISSED**.

Dismissal of the sole hook for federal subject matter jurisdiction triggers the analysis required by 28 U.S.C. § 1367. *See Kovachevich v. Nat'l Mortg. Ins. Corp.*, 140 F.4th 548, 556 (4th Cir. 2025) ("Having dismissed Kovachevich's only federal claim, the district court seemed to conclude, it necessarily lacked subject-matter jurisdiction to decide the state-law claims. That is not quite right. When a district court has jurisdiction over a federal claim under 28 U.S.C. § 1331, it also has supplemental jurisdiction over related state-law claims [under 28 U.S.C. §1367(a)]."). The subject statute provides pertinently as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

The proviso in subsection (c) is central to the decision respecting whether the Court should here exercise supplemental jurisdiction over Plaintiffs' remaining state claims:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> *(3) the district court has dismissed all claims over which it has original jurisdiction*,

      or

      (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added).

As noted in *Kovachevich*, "declining to exercise jurisdiction" when all federal claims have vanished "is the ordinary course . . . ." *Kovachevich*, 140 F.4th at 556 (citing *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025). And it is certainly the proper course here. The action is in its earliest stages, no limitations bar immediately arises, *see West Virginia Code* § 55-2-18(a), and no federal interest lies in this purely local -- and quite serious -- controversy.

Accordingly, this action is **DISMISSED** and **STRICKEN** from the docket.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

        ENTER:        July 22, 2025

                          Frank W. Volk
                          Chief United States District Judge

8